# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, | )<br>)<br>)<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) Civil Action No. 5:14-cv-00241-CLS<br>) |
| AN EASEMENT AND RIGHT-OF-WAY OVER 4.95 ACRES OF LAND, MORE OR LESS, IN MADISON COUNTY, ALABAMA, P & C LAND DEVELOPMENT, LLC, DARRIN ISBELL, and SOUTHPOINT BANK, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion to exclude expert testimony filed by plaintiff, the United States of America.[1]  Upon consideration of the briefs and evidentiary submissions, this court concludes that the motion should be granted.

### I.  LEGAL STANDARDS

Analysis of the admissibility of expert testimony must begin with Federal Rule

---

[1] Doc. no. 26 (Motion to Exclude).

of Evidence 702, which provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (2014).[2] The Eleventh Circuit requires district courts to "conduct an exacting analysis of the foundations of the expert opinions to ensure they meet the standards for admissibility under Rule 702." *United States v. Abreu*, 406 F.3d 1304,

---

[2] The version of Rule 702 in effect prior to Dec. 1, 2011 read as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (version prior to Dec. 1, 2011). The Advisory Committee's comments state that the language of Rule 702 was amended as part of the restyling of the Evidence Rules to make them more easily understood, and to make style and terminology consistent throughout the rules. The changes were intended to be stylistic only. There was no intent to change any result in any ruling on evidence admissibility.

1306 (11th Cir. 2005) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)) (internal quotation marks and emphasis omitted).  The analysis has three parts:  that is, district courts are required to assess whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (*en banc*) (quoting *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 542, 562 (11th Cir. 1998)) (alteration supplied); *see also*, *e.g.*, *Rink v. Cheminova, Inc.*, 400 F.3d 1286 (11th Cir. 2005) (same).

> [T]he objective of that requirement is to ensure the reliability and relevancy of expert testimony.  It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.

*Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) (alteration supplied).  "The inquiry . . . is a flexible one," because "[m]any factors will bear on the inquiry, and . . . [there is no] definitive checklist or test."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593–94 (1993) (alterations supplied).  Even so, factors that may be relevant for consideration include:

(1) whether the theory or technique "can be (and has been) tested," (2) "whether the theory or technique has been subjected to peer review and publication," (3) "in the case of a particular scientific technique, . . . the known or potential rate of error," and (4) whether the theory or technique is generally accepted by the relevant scientific community.

*Hendrix ex rel. G.P. v. Evenflo Company, Inc.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (quoting *Daubert*, 509 U.S. at 592–94); *see also Rink*, 400 F.3d at 1292 (discussing the foregoing factors in the context of assessing an expert's particular scientific technique).

## II. DISCUSSION

This action arose from the taking by plaintiff, the United States, upon the relation and for the use of the Tennessee Valley Authority, of a permanent easement and right-of-way over property owned by defendant P&C Land Development, LLC (hereinafter "defendant"), and located in Madison County, Alabama.[3] The easement and right-of-way covers approximately 4.95 acres, and divides defendant's 73-acre tract into three contiguous parcels of approximately 4.95 acres, 10.89 acres, and 57.56 acres, respectively.[4]

Defendant hired Scott Maddox to perform a before-and-after appraisal of the market value of the 73-acre tract in April of 2014, in order to determine the amount

---

[3] *See* doc. no. 2 (Declaration of Taking).
[4] *See* doc. no. 27-1 (Maddox Appraisal), at 50.

of just compensation owed for the taking.[5] Maddox determined that the entire 73-acre tract had a market value of $1,100,000 before the taking.[6] He also determined that the 10.89-acre parcel had a market value of $0.00 after the taking, and the 57.56-acre parcel had a market value of $863,400 after the taking, for a total value of $863,400.[7] Notably, Maddox did not appraise the after-taking value of the 4.95-acre parcel, because he mistakenly believed that plaintiff took a fee simple interest in that parcel.[8] In fact, plaintiff took only an easement and right-of-way.[9] That mistake of fact also affected Maddox's appraisal of the 10.89-acre parcel. In his deposition, Maddox testified that, if he had known that plaintiff took only an easement and right-of-way in the 4.95-acre parcel, he would not have appraised the after-taking value of the 10.89-acre parcel at $0.00.[10]

Plaintiff contends that Maddox's opinions should be excluded because they are based upon a mistake of fact.[11] It is clear that a court may exclude expert testimony that is predicated upon a mistake of fact. *See, e.g.*, Fed. R. Evid. 702(d) (stating that an expert witness's opinion must be based upon "the facts of the case"); *McDowell*

---

[5] *Id.* at 5.
[6] *Id.* at 6.
[7] *Id.* at 53.
[8] Doc. no. 27-2 (Maddox Deposition), at 69.
[9] Doc. no. 2 (Declaration of Taking) ¶ 1.
[10] *See* doc. no. 27-2 (Maddox Deposition), at 70.
[11] *See* doc. no. 27 (Plaintiff's Brief on Motion to Exclude), at 8–9.

*v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004) (holding that the expert opinion must fit the facts of the case); *E.E.O.C. v. Freeman*, 778 F.3d 463, 467 (4th Cir. 2015) (holding that certain mistakes in an expert's analysis rendered it "outside the range where experts might reasonably differ") (quoting *Kumho*, 526 U.S. at 153); *Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996) ("Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all."). Accordingly, this court concludes that Maddox's appraisal report is due to be excluded as unreliable.

Defendant requests leave to file an amended expert report, based upon Maddox's corrected understanding of the interest taken by plaintiff in the 4.95-acre parcel.[12] Discovery in this action closed on March 13, 2015.[13] Even so, no trial date has been set, and the court will grant defendant's request, provided that defendant provides plaintiff an opportunity to depose Maddox concerning the rationale for his amended report. *Cf. Ferguson v. Bombardier Services, Corp.*, 244 F. App'x 944, 950 (11th Cir. 2007) (holding that a district court did not abuse its discretion in allowing a party to file an amended expert report after the close of discovery because the amended report was filed eight months before the trial); *Ramos-Barrientos v. Bland*, 728 F. Supp. 2d 1360, 1369 (S.D. Ga. 2010) (allowing a party to file an amended

---

[12] *See* doc. no. 29 (Defendant's Response to Motion to Exclude), at 2.
[13] *See* doc. nos. 24, 25.

6

expert report after the close of discovery on the condition that the opposing party be allowed an opportunity to depose the expert after that filing).

### III.  CONCLUSION AND ORDERS

In accordance with the foregoing, it is ORDERED that the motion to exclude is GRANTED, and the expert report of Scott Maddox is EXCLUDED.  Defendant, P&C Development, LLC, is ORDERED to file Mr. Maddox's amended report on or before May 22, 2015.  Defendant is further ORDERED to tender Scott Maddox for deposition on a date, and at a time, convenient for plaintiff's counsel within 21 days after that filing.

**DONE** and **ORDERED** this 11th day of May, 2015.

/s/ Lynwood Smith
_____
United States District Judge